UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM JONES,

        **Plaintiff,**

v.                                           Case No. 18-CV-1866

JAY VAN LANEN, *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff William Jones filed a motion asking the court to "order the defendant Van Lanan to allow [him] to use a pen for litigation purpose." (ECF No. 25 at 2.) Jones explains that the court's prisoner e-filing system requires the use of "black or dark blue ink" and that "it specifically says <u>do not use pencil</u>." (*Id.*) He states that the defendant's failure to give him a pen is interfering with his right to access the courts. (*Id.*)

A motion that requires an affirmative act by the defendant is construed as a "mandatory preliminary injunction." *See Allen v. Lang*, No. 14-CV-0098-MJR-SCW, 2014 WL 7237382, at *3 (S.D. Ill. Dec. 9, 2014) (citing *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997). "Mandatory injunctions are 'cautiously viewed and sparingly

issued,' since they require the court to command a defendant to take a particular action." *Id*. (internal citations omitted). To obtain a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Id*. at *2.

In the context of prisoner litigation, the scope of the court's authority to issue an injunction is further circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: [P]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer*, 682 F.3d at 683.

Defendant Van Lanan explains that GBCI instituted a new prison policy in April 2018 "prohibiting pen inserts and only allowing rubber pencils and black crayons" in its Restrictive Housing Unit. (ECF No. 29.) He explains that the penological interest behind the policy is to prevent inmates from harming themselves and others. (*Id*.) One court in this district has already considered GBCI's new policy and concluded that "GBCI's

2

Case 2:18-cv-01866-WCG    Filed 03/18/19    Page 2 of 3    Document 34

policy is designed to keep inmates—including the plaintiff—safe…and the court will not issue an order violating that policy." *Daniels v. Foster*, No. 17-CV-680-PP, 2018 WL 3995904, at *2 (E.D. Wis. Aug. 21, 2018). The court noted that "using a crayon to write legal documents is more difficult, and frustrating, than using a pen or pencil," but inmates are still able to file documents with the court despite the difficulty. *Id.*

Jones has been able to file documents with the court despite the new GBCI policy. (*See* ECF Nos. 25, 30.) Accordingly, the court will recommend denying Jones's motion. *See also Brim v. Stevens*, No. 18-CV-24-JDP, 2018 WL 2583094, at *4 (W.D. Wis. June 4, 2018) ("[The plaintiff's] response was accepted for efiling and was legible, so the ban on pens is not impeding his access to the court.").

**IT IS THEREFORE RECOMMENDED** that Jones's motion to "order the defendant Van Lanan to allow [him] to use a pen for litigation purpose" (ECF No. 25) be **DENIED**. Under 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), the parties may file written objections to part or all of this recommendation, within fourteen days of service of this order. Failure to file a timely objection with the district court will result in a waiver of the right to appeal.

Dated at Milwaukee, Wisconsin this 18th day of March, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge